Territorial
Law Library

**IN THE SUPERIOR COURT OF GUAM**

FILED
SUPERIOR COURT
OF GUAM

2009 JAN -6 AM 9: 58

CLERK OF COURT
BY

PEOPLE OF GUAM,

vs.

MARIBEL DUENAS IGITOL,

                Defendant.

CRIMINAL CASE NO. CM0264-08

**DECISION AND ORDER**

**INTRODUCTION**

This matter came before the Honorable Arthur R. Barcinas on the 17th day of December, 2008, for hearing on the People's Motion to Disqualify Counsel for Defendant. Assistant Attorney General Brian P. Kelley represented the People, and Attorney Leilani Lujan represented the Defendant. After considering the arguments of the parties and the relevant documents in the record, the Court now issues the following Decision and Order on the matter.

**DISCUSSION**

A criminal defendant has a right to the "assistance of counsel" under both the Sixth and Fourteenth Amendments of the federal Constitution. United States v. Gonzalez-Lopez, 548 U.S. 140 (2006). Subject to certain limitations, the Sixth Amendment guarantees a criminal defendant the right to be represented by counsel of his choice. Wheat v. United States, 486 U.S. 153, 159 (1988). The right to assistance of counsel of a defendant's choosing includes the right to "effective assistance of counsel," Strickland v. Washington, 466 U.S. 668, 686 (1984), and a "correlative right to representation that is free from conflicts of interest." Wood v. Georgia, 450 U.S. 261, 271 (1981); Glasser v. United States, 315 U.S. 60, 70, 76(1942).

In Wheat, 486 U.S. at 159, the United States Supreme Court recognized that the constitutional right to counsel of one's choice is "circumscribed in several important respects." The right is especially limited in situations where the defendant's chosen counsel has a current conflict of interest, or a serious potential conflict of interest. Id. In light of the "special dangers" posed by multiple representation, the United States Supreme Court held that, under the constitution, courts have "substantial latitude" to refuse a defendant's proffered waiver of his counsel's conflict or potential conflict of interest. Id. at pp. 161-63. The high court explained that despite any waiver of conflict by the clients, a court has an autonomous duty to assure itself that the representation of either client will not be limited by the concurrent representation, stating, "courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them . . . . Not only the interest of a criminal defendant but the institutional interest in the rendition of just verdicts in criminal cases may be jeopardized by unregulated multiple representation." Id. at p. 160.

In this case, the government contends that there are two existing conflicts of interest. First, the government claims that Defendant Jose Tereas was offered a plea agreement which included a cooperation agreement against Defendant Igitol, and with the advice of Attorney Lujan, Defendant Jose Tereas rejected this plea agreement. The government claims that this plea agreement was to the benefit of Defendant Jose Tereas, but worked a detriment to Defendant Igitol. The government claims that the rejection of the plea agreement appears to show that Attorney Lujan cannot balance the interests of both clients. Next, the government asserts that Jose Tereas is an eye witness to the charges against Defendant Igitol, and that the government will

be calling Jose Tereas to the witness stand, where he will not be able to effectively assert his Fifth Amendment privilege against self-incrimination for the events he merely witnessed, thus placing Attorney Lujan in a position where she will be required to cross-examine her own client, Defendant Jose Tereas in favor of Defendant Igitol. The fact that Defendant Jose Tereas was a percipient witness to the event is supported by the Magistrate's Complaint filed in this case.

Attorney Lujan informed the Court that she does, in fact, represent both clients, Defendant Igitol, and Defendant Jose Tereas, and that these clients are not being represented by different attorneys within the firm. Attorney Lujan further represented to the Court that she has conversed with Jose Tereas regarding his testimony and the case against Defendant Igitol. Attorney Lujan acknowledged the possibility that she might have to cross-examine her own client, Jose Tereas, and stated that she would do so zealously and to the best of her ability. However, Attorney Lujan contends that her clients have waived in writing any actual or potential conflicts of interest, and has provided the Court with those waivers. The defense argues that this motion is untimely, and therefore, should be denied.

Although Defendant argues that the motion to disqualify counsel is untimely, Defendant fails to cite any authority for this assertion. Pursuant to 8 G.C.A. § 65.45, the "[f]ailure by a party to raise defenses or objections or make requests which must be made prior to trial, at the time set by the court pursuant to §65.15 . . . shall constitute a waiver thereof, but the court for cause shown may grant relief from the waiver." In criminal cases, motions or requests which must be made prior to motion cut off date set by the Court under 8 G.C.A. § 65.15 consist of:

> (a) Defenses and objections based on defects in the institution of the prosecution;
> (b) Defenses and objections based on defects in the indictment, information or complaint . . . (c)Motions to suppress evidence; (d) Requests for discovery

pursuant to Chapter 70 (commencing with § 70.10); or (e) Requests for a severance of charges or defendants pursuant to § 65.35.

The failure to raise these defenses or objections "at the time set by the court pursuant to §65.15," constitutes a waiver of only these arguments or objections. 8 G.C.A. § 65.45.

In this case, the government's motion to disqualify counsel is not a motion required to be made by the motion cut-off date set by the Court pursuant to 8 G.C.A. §§ 65.15 and 65.45. In addition, the motion to disqualify was made before trial. Although the Court disapproves of the notice and filing so close to trial, there is no statutory time limit set for such a motion, and the Defendant has failed to cite any authority to show that the motion is untimely. Accordingly, the Court shall decide the motion on its merits.

Rule 1.7(a) of the Guam Rules of Professional Conduct prohibits concurrent representation of clients if:

(1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

Notwithstanding the existence of a concurrent conflict of interest under 1.7(a), a lawyer may represent a client under 1.7(b) if:

(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client; (2) the representation is not prohibited by law; (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and (4) each affected client gives informed consent, confirmed in writing.

The Government has shown that there is an existing conflict and a serious potential for conflict under Rule 1.7(a). Despite the waivers filed under Rule 1.7(b), where the Court finds that there is a "serious potential" for conflict, Wheat, 486 U.S. at 163, the Court is afforded "substantial latitude" to reject those waivers and disqualify counsel, Wheat, 486 U.S. at 164, due to concerns regarding,

> inadequate representation of a defendant . . . . disrespect for the integrity of the court, . . . the independent interest of the trial judge to be free from future attacks over the adequacy of the waiver or the fairness of the proceedings in his own court and the subtle problems implicating the defendant's comprehension of the waiver.

Wheat, 486 U.S. at 162 (quoting United States v. Dolan, 570 F.2d 1177, 1184 (3rd Cir.1978).

Because the incidents charged against Defendant Jose Tereas constitute a separate incident from that charged against Defendant Igitol, and Defendant Jose Tereas was merely a witness to the charges against Defendant Igitol, it appears that Defendant Jose Tereas will not be able to assert the privilege against self-incrimination once called to testify. There is a presumption that an attorney receives confidential communications in the course of representing a client. United States v. Shepard, 675 F.2d 977, 980 (8th Cir.1982). Although the privilege against disclosure of confidential information may be waived, the defense has provided no waivers, written or oral, to this effect. Guam Rules of Professional Conduct, Rule 1.6(a). The waivers submitted by the defense waive only conflicts of interest, and do not waive the privilege against disclosure of confidential information. Defendant's Exhibits A and B; see United States v. Lussier, 71 F.3d 456, 462 (2d Cir.1995)(absent a specific waiver from the client, an attorney may not inquire into privileged matters on cross-examination). On these facts, the Court must conclude that Attorney Lujan presumptively has confidential knowledge pertaining to the representation which could be

used and might be necessary to cross-examine her own client, Jose Tereas, for the best interest of her other client, Defendant Igitol. The Court has concerns that the cross-examination may be inadequate due to ethical problems of using privileged information gained from one client against the other.

In addition, a conflict exists where clients represented by the same attorney are given plea agreements in which one would agree to give evidence against the other in return for an advantage. Ross v. Heyne, 638 F.2d 979, 983 (7th Cir.1980). No evidence has been provided by the defense, and the Court cannot assume that the rejection of the plea agreement favorable to Defendant Jose Tereas was free from influence of the directly competing and conflicting interests of Defendant Igitol. Thus, although the conflict was waived by the clients, the appearance of impropriety and the high likelihood of the use of confidential knowledge against one client presents an unacceptable risk that the continued representation of both clients will result in unfairness to one or both clients.

The possibility that a client might be cross-examined by their own attorney constitutes a serious potential conflict of interest which generally requires disqualification. United States v. Voigt, 89 F.3d 1050, 1078 (3rd Cir.1996); United States v. Ross, 33 F.3d 1507, 1523 (11th Cir.1994); United States v. Moscony, 927 F.2d 742, 748–49 (3rd Cir.1991), cert. denied, 501 U.S. 1211 (1991); Hoffman v. Leeke, 903 F.2d 280, 285–87 (4th Cir.1990); Lightbourne v. Dugger, 829 F.2d 1012 (11th Cir.1987); United States v. Shepard, 675 F.2d 977, 979–81 (8th Cir.1982); United States v. Martinez, 630 F.2d 361, 362 (5th Cir.1980), cert. denied, 450 U.S. 922 (1981); Ross v. Heyne, 638 F.2d 979, 983–85 (7th Cir.1980); Tucker v. United States, 235 F.2d 238, 240 (9th Cir.1956). Attorney Lujan has admitted that there is a possibility that she may be required to

cross-examine her own client in this trial. Despite the opportunity to do so, the defense has provided no case law or other authority to the contrary, to show that cross-examination of one current client in favor of another current client is either permissible or appropriate and does not require disqualification in this circumstance.

As observed by the government, upon either a conviction or acquittal in this case, both parties will have grounds for appeal on the basis of counsel's conflicts of interest. "[T]he legitimate wish of [courts] that their judgments remain intact on appeal" is a proper consideration in the determination of whether a conflict of interest requires disqualification of an attorney. United States v. Voigt, 89 F.3d 1050, 1078 (3rd Cir.1996); *see also* Wheat v. United States, 486 U.S. 153, 162 (1988). Under the Court's independent duty to ensure appearance of propriety and fairness, and the rendition of a just trial conducted within the ethical standards of Guam, the Court determines that the continued representation of both clients jeopardizes the institutional appearance of propriety in this case, and presents immediate appealable issues, whatever the outcome of the case. Accordingly, to protect these interests, disqualification is necessary.

In a nearly identical case before the Superior Court of Guam involving the same firm, People v. Angoco, Criminal Case No. CF0428-94, the court found that disqualification of the entire law firm of Lujan, Aguigui, & Perez, LLP was required where two different attorneys in that firm each represented a criminal defendant in one case, and also represented a percipient witness to that case, in a different criminal matter. The court found an "intolerable conflict" presented by the continued representation of both Defendants by attorneys in the same firm. Defendant Igitol has failed to distinguish that case from the situation presented here. This Court finds that this situation presents the same conflict as that presented in People v. Angoco, which

Page 7 of 8

is seemingly more egregious because of the fact that Attorney Lujan personally represents both clients. *See, e.g.* Cuyler v. Sullivan, 446 U.S. 335 (1980); and Holloway v. Arkansas, 435 U.S. 475 (1978). She has not contended that confidential information known to her concerning each case has not been shared with the other client, will not be used against the other client during examination, or that the information has been "walled off," as contended in the case of People v. Angoco.

The appointment or retention of another attorney for Defendant Igitol will avoid not only the existing conflicts of interest, but will avoid any later issues concerning the ineffective assistance of counsel, and any related appellate issues. At this time, trial has not yet been rescheduled, Defendant Igitol has not asserted her right to speedy trial, and accordingly, Defendant Igitol will not be prejudiced by the opportunity to retain different counsel without a conflict of interest.

## CONCLUSION

Having heard arguments on the motion and having received and considered all of the filings and evidence presented, the Court finds that there is an existing conflict of interest in that counsel is negotiating plea agreements for clients with conflicting interests, and a serious potential conflict of interest based on the possibility of cross-examination of Defendant Jose Tereas at trial. Based upon the foregoing, the People's Motion to Disqualify Counsel for Defendant is GRANTED. Further Proceedings is scheduled for **January 21, 2009 at 2:30 pm**.

**SO ORDERED**, this ___JAN 0 6 2009___ .

**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam

Page 8 of 8